# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LISA R. YANCEY,

       Plaintiff,

v.                                           Case No. 10-CV-778

REGISTER OF DEED, CITY HALL,
NANCY BUSTOS and ALEJANDROS BUSTOS,

       Defendants.

---

LISA R. YANCEY,

       Plaintiff,

v.                                           Case No. 10-CV-792

MILWAUKEE POLICE DEPARTMENT,
CANDICE SIMMONS, GWENDLYN EARNEST
and CHRISTINE SIMMONS,

       Defendants.

---

LISA R. YANCEY,

       Plaintiff,

v.                                         Case No. 10-CV-818

STATE OF WISCONSIN, COURT OF
APPEALS and MILWAUKEE COUNTY SHERIFF,

       Defendants.

---

LISA R. YANCEY,
       Plaintiff,

v.                                         Case No. 10-CV-819

OAK CREEK POLICE DEPARTMENT
and AMERICAN UNITED TAXI CAB,

       Defendants.

LISA RENEE YANCEY,

      Plaintiff,

v.                                             Case No. 10-CV-820

BRANDON S. WALKER, WEST ALLIS MUNICIPAL
COURT, ROCK COUNTY SHERIFF, YWCA ROCK
COUNTY, MILWAUKEE POLICE SENSITIVE CRIMES,
HOUSE OF CORRECTIONS, WISCONSIN DEPARTMENT
OF TRANSPORTATION, MILWAUKEE MUNICIPAL COURT,
USA NAILS, ROOSEVELT TRIPLETT, FLOSSIE SIMMONS,
KAREN SIMMONS and JEHOVAH'S WITNESSES,

      Defendants.

---

TAMMY WILLIAMS, a/k/a Lisa R. Yancey,

      Plaintiff,

v.                                             Case No. 10-CV-821

BROOKFIELD POLICE DEPARTMENT,

      Defendant.

---

## <u>DECISION AND ORDER</u>

---

      The plaintiff filed the six above-captioned actions alleging various claims against a multitude of defendants. In a November 30, 2010, decision and order, the court denied the plaintiff's request to proceed in forma pauperis in each of her six cases. The plaintiff was advised that to proceed further, she must pay the required filing fee in each case within 30 days of the court's order or the actions would be dismissed. The court has sent a copy of the order to all of the addresses it has for the plaintiff. All of the letters were returned as undeliverable.

      On December 23, 2010, the plaintiff filed a letter with the court listing her address

as the Milwaukee County Jail.  On January 11, 2011, the court entered an order extending the time for the plaintiff to pay the required filing fee until February 9, 2011.  The court mailed it to the plaintiff at the Milwaukee County Jail.  The letter was returned as undeliverable.

District courts have inherent authority to dismiss a case <u>sua sponte</u> for a plaintiff's failure to prosecute.  <u>Daniels v. Brennan</u>, 887 F.2d 783, 785 (7th Cir. 1989).  Such authority is based on the court's inherent power to control its docket.  <u>Link v. Wabash R. Co.</u>, 370 U.S. 626, 630-31 (1962).  A dismissal for lack of prosecution is appropriate when there is a clear record of delay or contumacious behavior.  <u>Casteel v. Pieschek</u>, 3 F.3d 1050, 1055 (7th Cir. 1993); <u>Daniels</u>, 887 F.2d at 785.

Since the plaintiff has not provided the court with an accurate mailing address, she has not received a copy of the court's order denying her motion to proceed <u>in forma pauperis</u> or the court's order extending the time for paying the filing fee.  It is the plaintiff's responsibility to inform the court of a correct mailing address.

Civil Local Rule 41.3 (E.D. Wis.) provides:

> Whenever it appears to the court that the plaintiff is not diligently prosecuting the action, the court may enter an order of dismissal with or without prejudice.  Any affected party can petition for reinstatement of the action within twenty (20) days.

Without a correct address for the plaintiff, the plaintiff's cases can not move forward.  The court has no option but to dismiss each of the six cases referenced in this order without prejudice for failure to prosecute pursuant to Civil Local Rule 41(c) (E.D. Wis.).

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Case No. 10-C-778 be and hereby is **dismissed** without prejudice for failure to prosecute pursuant to Civil Local Rule 41(c) (E.D. Wis.).

**IT IS ALSO ORDERED** that Case No. 10-C-792 be and hereby is **dismissed** without prejudice for failure to prosecute pursuant to Civil Local Rule 41(c) (E.D. Wis.).

**IT IS FURTHER ORDERED** that Case No. 10-C-818 be and hereby is **dismissed** without prejudice for failure to prosecute pursuant to Civil Local Rule 41(c) (E.D. Wis.).

**IT IS FURTHER ORDERED** that Case No. 10-C-819 be and hereby is **dismissed** without prejudice for failure to prosecute pursuant to Civil Local Rule 41(c) (E.D. Wis.).

**IT IS ALSO ORDERED** that Case No. 10-C-820 be and hereby is **dismissed** without prejudice for failure to prosecute pursuant to Civil Local Rule 41(c) (E.D. Wis.).

**IT IS FURTHER ORDERED** that Case No. 10-C-821 be and hereby is **dismissed** without prejudice for failure to prosecute pursuant to Civil Local Rule 41(c) (E.D. Wis.).

**FINALLY, IT IS ORDERED** that the clerk of court enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 14th day of February 2011.


/s_____
Honorable Lynn Adelman
United States District Judge